# EXHIBIT A

*State Court Pleadings*


CT Corporation

**Service of Process Transmittal**
09/26/2017
CT Log Number 532001308

**TO:** Herbert Frerichs, General Counsel/Legal Department
Perdue Farms Inc.
31149 Old Ocean City Rd
Salisbury, MD 21804-1806

**RE:** **Process Served in South Carolina**

**FOR:** Perdue Farms Inc. (Domestic State: MD)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Henry Allen Banks, Jr., Pltf. vs. Perdue Farms, Inc., Dft. |
| **DOCUMENT(S) SERVED:** | Letter, Certificate of Service, Cover Sheet, Summons, Complaint |
| **COURT/AGENCY:** | Dillon County Court of Common Pleas, SC<br>Case # 2017CP170470 |
| **NATURE OF ACTION:** | Employee Litigation - Wrongful Termination |
| **ON WHOM PROCESS WAS SERVED:** | CT Corporation System, Columbia, SC |
| **DATE AND HOUR OF SERVICE:** | By Certified Mail on 09/26/2017 postmarked on 09/25/2017 |
| **JURISDICTION SERVED :** | South Carolina |
| **APPEARANCE OR ANSWER DUE:** | Within 30 days after the service hereof, exclusive of the day of such service |
| **ATTORNEY(S) / SENDER(S):** | J. Lewis Cromer<br>Cromer Babb Porter & Hicks, LLC<br>1418 Laurel Street<br>Suite A<br>PO Box 11675<br>Columbia, SC 29211<br>803-799-9530 |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 09/27/2017, Expected Purge Date: 10/02/2017 |
| | Image SOP |
| | Email Notification, Kaye Wilgus kaye.wilgus@perdue.com |
| | Email Notification, Drew Getty Drew.getty@perdue.com |
| **SIGNED:**<br>**ADDRESS:** | CT Corporation System<br>2 Office Park Court<br>Suite 103<br>Columbia, SC 29223 |
| **TELEPHONE:** | 804-217-7255 |

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.

UNITED STATES POSTAGE

PITNEY BOWES

$ 006.980

02 1P
0000885385    SEP 25 2017
MAILED FROM ZIP CODE 29201



CERTIFIED MAIL

91 7199 9991 7037 2949 3756

C|B|P|H
CROMER BABB PORTER & HICKS, LLC
*Attorneys and Counselors at Law*
1418 Laurel Street, Suite A
PO Box 11675
Columbia, SC 29211

CT Corporation System
Registered Agent for Perdue Farms, Inc.
2 Office Park Court, Suite 103
Columbia, SC 29223

29223$5948 C008

# C | B | P | H

## CROMER BABB PORTER & HICKS, LLC

### *Attorneys and Counselors at Law*

J. Lewis Cromer * Julius W. Babb, IV * J. Paul Porter
Ryan K. Hicks * Shannon M. Polvi * Samantha E. Albrecht

September 25, 2017

**Certified Mail/Return Receipt Requested**          **Receipt #91 7199 9991 7037 2949 3756**
CT Corporation System
Registered Agent for Perdue Farms, Inc.
2 Office Park Court, Suite 103
Columbia, SC 29223

> **Re:    *Henry Allen Banks, Jr. v. Perdue Farms, Inc.***
>          Civil Action No.: 2017-CP-17-0470

Dear Sir or Madam:

Enclosed please find a filed copy of the Civil Cover Sheet, Summons and Complaint regarding the above referenced matter, which is hereby served upon you as Registered Agent for Perdue Farms, Inc.

Should there be any questions or concerns, please do not hesitate to have your legal representative contact the office.

With kind regards, I remain

Sincerely,

Iris W. Ray
Litigation Paralegal

/iwr
Enclosures

cc:    Henry Banks, Jr.

---

STATE OF SOUTH CAROLINA

COUNTY OF DILLON

Henry Allen Banks, Jr.,

                            Plaintiff,

                    vs.

Perdue Farms, Inc.,

                            Defendant.

IN THE COURT OF COMMON PLEAS

Case No.: 2017-CP-17-0470

**CERTIFICATE OF SERVICE**

This is to certify that the undersigned employee of Cromer Babb Porter & Hicks, LLC, did cause to have served on September 25, 2017, a copy of the Civil Action Coversheet, Summons and Complaint, by First Class Mail, certified mail, return receipt requested, postage prepaid, to the following Registered Agent at the below indicated address:

*Certified Mail/Return Receipt Requested*
CT Corporation System
Registered Agent for Perdue Farms, Inc.
2 Office Park Court, Suite 103
Columbia, SC 29223

*Receipt #91 7199 9991 7037 2949 3756*

Iris W. Ray, Litigation Paralegal

COPY

| | |
|---|---|
| STATE OF SOUTH CAROLINA | ) |
| | ) IN THE COURT OF COMMON PLEAS |
| COUNTY OF DILLON | ) IN THE FOURTH JUDICIAL CIRCUIT |
| | ) |
| Henry Allen Banks, Jr., [~~FILED~~] | ) CIVIL ACTION COVERSHEET |
| **Plaintiff,** | ) |
| SEP 2 0 2017 | ) C/A No.: 2017-CP-17- **470** |
| **vs.** | ) |
| ~~CROMER BABB PORTER~~ | ) |
| ~~& HICKS, LLC~~ | ) |
| Perdue Farms, Inc., | ) |
| | ) |
| **Defendants.** | ) |

| | |
|---|---|
| Submitted By: J. Lewis Cromer | SC Bar #: 1470 |
| Address: Cromer Babb Porter & Hicks, LLC | Telephone #: 803-799-9530 |
| P.O. Box 11675 | Fax #: 803-799-9533 |
| Columbia, SC 29211 | E-mail: jlc@cbphlaw.com |

## DOCKETING INFORMATION (*Check all that apply*)

☒ **JURY TRIAL** demanded in complaint.  ☐ **NON-JURY TRIAL** demanded in complaint.
☐ This case is subject to **ARBITRATION** pursuant to the Court Annexed Alternative Dispute Resolution Rules.
☒ This case is subject to **MEDIATION** pursuant to the Court Annexed Alternative Dispute Resolution Rules.
☐ This case is exempt from ADR. (Proof of ADR/Exemption Attached)

## NATURE OF ACTION (*Check One Box Below*)

| Contracts | Torts - Professional Malpractice | Torts – Personal Injury | Real Property |
|---|---|---|---|
| ☐ Constructions (100) | ☐ Dental Malpractice (200) | ☐ Conversion (310) | ☐ Claim & Delivery (400) |
| ☐ Debt Collection (110) | ☐ Legal Malpractice (210) | ☐ Motor Vehicle Accident (320) | ☐ Condemnation (410) |
| ☐ General (130) | ☐ Medical Malpractice (220) | ☐ Premises Liability (330) | ☐ Foreclosure (420) |
| ☐ Breach of Contract (140) | Previous Notice of Intent Case # | ☐ Products Liability (340) | ☐ Mechanic's Lien (430) |
| ☐ Fraud/Bad Faith (150) | 20___-NI-___-___ | ☐ Personal Injury (350) | ☐ Partition (440) |
| ☐ Failure to Deliver/ | ☐ Notice/ File Med Mal (230) | ☐ Wrongful Death (360) | ☐ Possession (450) |
|    Warranty (160) | ☐ Other (299) _____ | ☐ Assault/Battery (370) | ☐ Building Code Violation (460) |
| ☐ Employment Discrim (170) | | ☒ Slander/Libel (380) | ☐ Other (499) _____ |
| ☒ Employment (180) | | ☐ Other (399) _____ | |
| ☐ Other (199) _____ | | | |

| Inmate Petitions | Administrative Law/Relief | Judgments/Settlements | Appeals |
|---|---|---|---|
| ☐ PCR (500) | ☐ Reinstate Drv. License (800) | ☐ Death Settlement (700) | ☐ Arbitration (900) |
| ☐ Mandamus (520) | ☐ Judicial Review (810) | ☐ Foreign Judgment (710) | ☐ Magistrate-Civil (910) |
| ☐ Habeas Corpus (530) | ☐ Relief (820) | ☐ Magistrate's Judgment (720) | ☐ Magistrate-Criminal (920) |
| ☐ Other (599) | ☐ Permanent Injunction (830) | ☐ Minor Settlement (730) | ☐ Municipal (930) |
| | ☐ Forfeiture-Petition (840) | ☐ Transcript Judgment (740) | ☐ Probate Court (940) |
| | ☐ Forfeiture—Consent Order (850) | ☐ Lis Pendens (750) | ☐ SCDOT (950) |
| | ☐ Other (899) | ☐ Transfer of Structured | ☐ Worker's Comp (960) |
| | |    Settlement Payment Rights | ☐ Zoning Board (970) |
| | |    Application (760) | ☐ Public Service Comm. (990) |
| | | ☐ Confession of Judgment (770) | ☐ Employment Security Comm (991) |
| **Special/Complex /Other** | | ☐ Petition for Workers | |
| ☐ Environmental (600) | ☐ Pharmaceuticals (630) |    Compensation Settlement | ☐ Other (999) |
| ☐ Automobile Arb. (610) | ☐ Unfair Trade Practices (640) |    Approval (780) | |
| ☐ Medical (620) | ☐ Out-of-State Depositions (650) | ☐ Other (799) _____ | |
| ☐ Other (699) | ☐ Motion to Quash Subpoena in | | |
| ☐ Sexual Predator (510) |    an Out-of-County Action (660) | | |
| ☐ Permanent Restraining Order (680) | ☐ Pre-Suit Discovery (670) | | |

CERTIFIED TRUE COPY
CLERK OF COURT
DILLON COUNTY

| | | |
|---|---|---|
| **Submitting Party Signature:** _J. Lewis Cromer_ | **Date:** | **September 20, 2017** |

**Note:** Frivolous civil proceedings may be subject to sanctions pursuant to SCRCP, Rule 11, and the South Carolina Frivolous Civil Proceedings Sanctions Act, S.C. Code Ann. §15-36-10 et. seq.

**Effective January 1, 2016,** Alternative Dispute Resolution (ADR) is mandatory in all counties, pursuant to Supreme Court Order dated November 12, 2015.

SUPREME COURT RULES REQUIRE THE SUBMISSION OF ALL CIVIL CASES TO AN ALTERNATIVE DISPUTE RESOLUTION PROCESS, UNLESS OTHERWISE EXEMPT.

**Pursuant to the ADR Rules, you are required to take the following action(s):**

1. The parties shall select a neutral and file a "Proof of ADR" form on or by the 210th day of the filing of this action. If the parties have not selected a neutral within 210 days, the Clerk of Court shall then appoint a primary and secondary mediator from the current roster on a rotating basis from among those mediators agreeing to accept cases in the county in which the action has been filed.

2. The initial ADR conference must be held within 300 days after the filing of the action.

3. Pre-suit medical malpractice mediations required by S.C. Code §15-79-125 shall be held not later than 120 days after all defendants are served with the "Notice of Intent to File Suit" or as the court directs.

4. Cases are exempt from ADR only upon the following grounds:

   a. Special proceeding, or actions seeking extraordinary relief such as mandamus, habeas corpus, or prohibition;

   b. Requests for temporary relief;

   c. Appeals

   d. Post Conviction relief matters;

   e. Contempt of Court proceedings;

   f. Forfeiture proceedings brought by governmental entities;

   g. Mortgage foreclosures; and

   h. Cases that have been previously subjected to an ADR conference, unless otherwise required by Rule 3 or by statute.

5. In cases not subject to ADR, the Chief Judge for Administrative Purposes, upon the motion of the court or of any party, may order a case to mediation.

6. Motion of a party to be exempt from payment of neutral fees due to indigency should be filed with the Court within ten (10) days after the ADR conference has been concluded.

**Please Note:** **You must comply with the Supreme Court Rules regarding ADR.**
**Failure to do so may affect your case or may result in sanctions.**

STATE OF SOUTH CAROLINA

COUNTY OF DILLON

Henry Allen Banks, Jr.,

              Plaintiff,

v.

Perdue Farms, Inc.,

              Defendant.

IN THE COURT OF COMMON PLEAS
FOURTH JUDICIAL CIRCUIT
CASE NO. 2017-CP-17-470

**SUMMONS**

TO THE DEFENDANT ABOVE NAMED:

       YOU ARE HEREBY SUMMONED and required to answer the Complaint herein, a copy

of which is served upon you, and to serve a copy of your answer to this Complaint upon the

subscriber at the address shown below within thirty (30) days (thirty-five (35) days if served by

United States Mail) after service hereof, exclusive of the date of such service; and if you fail to

answer the Complaint, judgment by default will be rendered against you for the relief demanded

in the Complaint.

                                **CROMER BABB PORTER & HICKS, LLC**

*A CERTIFIED
TRUE COPY*

CLERK OF COURT
DILLON COUNTY

BY:                              
        J. Lewis Cromer (#1470)
        1418 Laurel Street, Suite A
        Post Office Box 11675
        Columbia, South Carolina 29211
        Phone  803-799-9530
        Fax    803-799-9533
        jlc@cbphlaw.com
        *Attorneys for Plaintiff*

CLERK OF COURT
DILLON COUNTY

FILED
GWEN T. HYATT
2017 SEP 21 AM 11:31

September 18, 2017
Columbia, South Carolina

STATE OF SOUTH CAROLINA

COUNTY OF DILLON

Henry Allen Banks, Jr.,

                    Plaintiff,

v.

Perdue Farms, Inc.,

                    Defendant.

IN THE COURT OF COMMON PLEAS
FOURTH JUDICIAL CIRCUIT

C/A No.: 2017-CP-17-___

**COMPLAINT**
**(Jury Trial Demanded)**

## EMPLOYMENT CASE

The Plaintiff complaining of the Defendant respectfully alleges as follows.

## PARTIES AND JURISDICTION

1.  The Plaintiff, Henry Allen Banks, Jr. (hereinafter mentioned as "Plaintiff")

resides in Lancaster, South Carolina, and worked for Perdue Farm, Inc., in Dillon

County, South Carolina, at all times mentioned herein.

2.  Defendant Perdue Farms, Inc. (hereinafter mentioned as "Defendant"), is a

US food and agricultural products company, headquartered in Salisbury, Maryland,

with a distribution center in Dillon County, South Carolina.

3.  This action alleges defamation and arises under South Carolina tort law.

4.  Plaintiff and Defendant have sufficient connections to Dillon County and the

occurrences giving rise to this action occurred in Dillon County. Thus, jurisdiction is

proper.

*A CERTIFIED*
*TRUE COPY*

## FACTUAL ALLEGATIONS

5.  Plaintiff began working for Defendant as a truck driver in or around February

2015.

6. Defendant later promoted Plaintiff to serve as a driver trainer, in addition to his job as a driver.

7. Plaintiff performed his job in a competent, if not more than competent, manner during his employment with Defendant.

8. However, toward the end of his employment, Plaintiff began experiencing problems after Plaintiff's supervisors and other coworkers falsely and maliciously spread rumors that Plaintiff is homosexual.

9. These statements and actions undermined Plaintiff's position with Defendant as a trainer, which required him to be confined in close quarters alone with other male employees for extended periods of time.

10. In February 2017, one of Plaintiff's supervisors, Donald Duncan (hereinafter mentioned as "Duncan"), warned one of Plaintiff's trainees on the last day of the trainee's orientation that his trainer had "sugar running through his veins" and that he "bats for the other team," suggesting plainly that Plaintiff was homosexual and may pose some sort of sexual threat to them.

11. As a result, the trainee felt uncomfortable working with Plaintiff throughout his training period, sought to avoid him, and reacted in a hostile manner toward Plaintiff when Plaintiff interacted with him.

12. After two days of hostile training sessions, the trainee did not return for training with Plaintiff and began training under David Bradley (hereinafter mentioned as "Bradley"), one of Defendant's senior trainers. Consequently, Plaintiff's work week was cut shorter than usual, and he received less pay for the week.

13. Plaintiff did not receive an explanation for the trainee's transfer at the time.

14. Bradley later informed Plaintiff that the trainee felt uncomfortable working with Plaintiff because Duncan had warned the trainee that Plaintiff was homosexual.

15. Plaintiff is not homosexual.

16. Upon information and belief, other trainees and coworkers received the same false information about Plaintiff from Defendant's employees.

17. Plaintiff informed the trainee that the information that he received about the trainee sexual orientation was false.

18. Plaintiff reported to Defendant that Duncan made false and defamatory statements about Plaintiff and created a hostile work environment for both Plaintiff and the trainee.

19. Defendant terminated Duncan following Plaintiff's reports.

20. However, the false statements about Plaintiff and the unfair treatment from Defendant, through its employees, continued after Duncan's termination.

21. Bradley addressed Plaintiff with demeaning slurs, such as "cock-sucker" and "gay-wad."

22. Bradley sent a highly offensive, lewd, and socially unacceptable picture to Plaintiff's cell phone after Duncan's termination, implying that Plaintiff would perform sexual acts on a male in exchange for money.

23. Moreover, Defendant's employees discussed whether Plaintiff was a homosexual when Plaintiff was present and made Plaintiff feel unwelcome in the workplace.

24. Defendant knew or should have known about the false statements and harsh treatment Plaintiff received from his supervisors and coworkers.

25. The false and defamatory statements by Defendant's employees created a tense and hostile work environment between Plaintiff and his trainees, coworkers, and supervisors, and made it difficult for Plaintiff to perform his job as a trainer and driver.

26. The rumors spread by Defendant's employees diminished Plaintiff's reputation in his labor-intensive workplace and further implied that Plaintiff was unfit for his position as a trainer.

27. After enduring more than two months of false statements and harassment from Defendant through Plaintiff's supervisors and other coworkers, Plaintiff reasonably felt that he could no longer work for Defendant. Plaintiff felt forced to resign from his employment with Defendant and accepted a truck driving position with Zero Waste Recycling, making less pay and receiving fewer benefits.

## FOR A FIRST CAUSE OF ACTION
## AGAINST DEFENDANT
### (Defamation)

28. Where not inconsistent herewith, the Plaintiff realleges the foregoing paragraphs.

29. Defendant Perdue, by and through its employees, including employees in supervisory positions, acting in the course and scope of their employment, made false and defamatory statements about Plaintiff by telling Plaintiff's coworkers and trainees that Plaintiff was homosexual and charging Plaintiff with unfitness in his profession.

30. Plaintiff informed Defendant that such statements were false and defamatory, but the false comments and unfair treatment based on those comments from Defendant's employees continued through Plaintiff's employment until his constructive discharge.

4

31. Such statements are defamatory and actionable, and the Defendant is liable for Plaintiff's damages resulting therefrom. Moreover, such statements are defamatory *per se*, insomuch as they charge the Plaintiff with unfitness in his profession as a driver trainer.

32. Defendant has proximately caused and is liable to the Plaintiff not only for nominal damages, but for actual damages in the loss of future earning capacity and benefits, humiliation, embarrassment, mental anguish, and severe reputational loss, and special damages such that Plaintiff was constructively discharged. The Plaintiff also prays for an award of punitive damages against Defendant for the willful, deliberate, and malicious conduct in an amount to be assessed by the jury.

PRAYER FOR RELIEF

WHEREFORE, for the actions alleged above, Plaintiff prays for judgment to be awarded against Defendant for all recoverable damages he has suffered as a result of the defamation as alleged herein in an appropriate amount to be determined by a jury; as well as any restitution or equitable action this Court should deem proper. Plaintiff also prays for an award of punitive damages against Defendant for the willful, deliberate, and malicious conduct in an amount to be assessed by the jury. Last, Plaintiff requests prejudgment interest be awarded on all his damages.

(SIGNATURE BLOCK ON NEXT PAGE)

5

CROMER BABB PORTER & HICKS, LLC

BY: _____

J. Lewis Cromer (S.C. # 1470)
1418 Laurel Street, Ste. A
Post Office Box 11675
Columbia, South Carolina 29211
Phone  803-799-9530
Fax        803-799-9533
Attorneys for Plaintiff

September 20, 2017
Columbia, South Carolina

6