UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| Henry Allen Banks, Jr., | ) | Civil Action No.: 4:17-cv-02893-RBH |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| Perdue Farms, Inc., | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

This matter is before the Court on Defendant Perdue Farms, Inc.'s ("Perdue") [ECF No. 10]

motion to dismiss for failure to state a claim upon which relief can be granted under Rule 12(b)(6)

of the Federal Rules of Civil Procedure. For the reasons stated below, the Court grants Perdue's

motion to dismiss.[1]

## **Factual and Procedural Background**

This case arises out of Plaintiff Henry Allen Banks, Jr.'s employment with Perdue.

Plaintiff's complaint alleges one cause of action for defamation against Perdue based on alleged

defamatory statements made by Plaintiff's co-workers. The alleged defamation involved statements

that Plaintiff is a homosexual. Plaintiff alleges in his complaint that he is not homosexual.

Plaintiff states he began working for Perdue as a truck driver in or around February 2015.

[Complaint, ECF No. 1-1 at ¶ 5]. Plaintiff was later promoted to the position of driver trainer. *Id*. at

¶ 6. Plaintiff alleges he began experiencing problems at work after Plaintiff's supervisors and other

co-workers falsely and maliciously spread rumors that Plaintiff is homosexual. *Id*. at ¶ 8.

---

[1]     Under Local Civil Rule 7.08 (D.S.C.), "hearings on motions may be ordered by the Court in its
discretion. Unless so ordered, motions may be determined without a hearing." Upon review of the briefs,
the Court finds that a hearing is not necessary.

Plaintiff alleges that in February 2017, one of Plaintiff's supervisors, Donald Duncan, warned one of Plaintiff's trainees that Plaintiff "had sugar running through his veins" and that "he bats for the other team." *Id*. at ¶ 10. Plaintiff reported Duncan's alleged false and defamatory statements to Perdue, who then immediately terminated Duncan's employment. *Id*. at ¶ 18. Plaintiff, however, claims the defamatory statements continued after Duncan's termination. *Id*. at ¶ 20.

David Bradley, one of Plaintiff's co-workers, allegedly addressed Plaintiff with demeaning slurs and sent a highly offensive picture to Plaintiff's cell phone after Duncan's termination implying that Plaintiff would perform sexual acts on a male in exchange for money. *Id*. at ¶¶ 21-22.

Plaintiff alleges that Perdue's employees discussed whether Plaintiff was a homosexual when Plaintiff was present and made Plaintiff feel unwelcome in the workplace. *Id*. at ¶ 23.

After enduring more than two months of alleged false statements and harassment, Plaintiff resigned from his employment at Perdue and accepted a truck driving position with another company for less pay and fewer benefits. *Id*. at ¶ 27.

On November 2, 2017, Perdue filed a motion to dismiss arguing, among other things, that Perdue cannot be held vicariously liable for the alleged defamatory statements in this case.

## **Rule 12(b)(6) Standard**

When deciding a motion to dismiss made under Federal Rule of Civil Procedure 12(b)(6), the Court must accept all well-pled facts alleged in the complaint as true and draw all reasonable inferences in the plaintiff's favor. *Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc.*, 591 F.3d 250, 253 (4th Cir. 2009). A complaint must state a "plausible claim for relief" to survive a 12(b)(6) motion to dismiss. *Walters v. McMahen*, 684 F.3d 435, 439 (4th Cir. 2012) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009)). The Court will not dismiss the plaintiff's complaint so long as he

provides adequate detail about his claims to show he has a "more-than-conceivable chance of success on the merits." *Owens v. Baltimore City State's Attorneys Office*, 767 F.3d 379, 396 (4th Cir. 2014) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "Once a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." *Twombly*, 550 U.S. at 563. A complaint will survive a motion to dismiss if it contains "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570. However, when a plaintiff's assertions "amount to nothing more than a 'formulaic recitation of the elements' " of a cause of action, the Court may deem such allegations conclusory and not entitled to an assumption of veracity. *Iqbal*, 556 U.S. at 681 (quoting Twombly, 550 U.S. at 555).

### Discussion

The dispositive issue in this case is whether Perdue can be held vicariously liable for the alleged defamatory statements made by Perdue employees that Plaintiff is a homosexual. The elements of a defamation claim include: 1) false and defamatory statement concerning another; 2) an unprivileged publication to a third party; 3) fault on the part of the publisher; and 4) either actionability of the statement irrespective of special harm or the existence of special harm caused by the publication. *Murray v. Holnam, Inc.*, 542 S.E.2d 743, 748 (S.C. Ct. App. 2001) (citing *Holtzscheiter v. Thomson Newspapers, Inc.*, 506 S.E.2d 497 (S.C. 1998)). Defamatory communications take two forms: libel and slander. *Murray*, 542 S.E.2d at 748. Slander is a spoken defamation; libel is a written defamation or one accomplished by actions or conduct. *Id*.

To hold a corporation liable for slander uttered by its agent, it must appear that the agent was acting within the scope of his employment and in the actual performance of the duties of the corporation concerning the subject matter of the slander. *Johnson v. Life Ins. Co. of Georgia*, 88

3

S.E.2d 260, 267-68 (S.C. 1955).

The alleged defamatory statement must be "in furtherance of the business of the corporate defendant and consequently within the scope of the [employee's] employment." *Johnson*, 88 S.E. at 268. To prove that a particular tortious act is within the scope of an employee's employment such that the employer is vicariously liable, a plaintiff must prove that the act was: 1) reasonably necessary to accomplish the purpose of the employee's employment; and 2) in furtherance of the master's business. *Fredrich v. Dolgencorp, LLC*, C/A No. 3:13-cv-01072-JFA, 2014 WL 4417407, at *6 (D.S.C. Sept. 8, 2014); *see also Armstrong v. Food Lion, Inc.*, 639 S.E.2d 50, 52 (S.C. 2006) (stating "[a]n act is within the scope of a servant's employment where reasonably necessary to accomplish the purpose of his employment and in furtherance of the master's business").

Plaintiff sets forth three examples of alleged defamatory statements in his complaint: 1) Duncan allegedly made statements to one of Plaintiff's trainees that Plaintiff "had sugar running through his veins" and that "he bats for the other team;" 2) Bradley addressed Plaintiff with demeaning slurs and sent Plaintiff an offensive picture; and 3) unnamed employees discussed whether Plaintiff was a homosexual when Plaintiff was present.

With respect to Duncan's statements, Plaintiff has failed to allege that Duncan's comments were reasonably necessary to accomplish the purpose of Duncan's employment or that Duncan's comments were in furtherance of the master's business. In fact, Duncan's comments resulted in his immediate termination from Perdue. *See* [Complaint, ECF No. 1-1 at Paragraph 19]. The comments were indisputably inappropriate, but cannot serve as a basis to hold Perdue vicariously liable for defamation. Although Plaintiff contends that Duncan's duties for Perdue directly related to

Duncan's comments, no plausible argument or claim can be made that Duncan's comments were in furtherance of Perdue's business or reasonably necessary to accomplish the purpose of Duncan's employment. To the extent Plaintiff argues Duncan's duties were to brief trainees and the comments were made during a trainee briefing, Plaintiff does not allege that Duncan's duties included briefing trainees regarding Plaintiff's alleged sexual orientation. Plaintiff has not stated a plausible claim that Perdue is vicariously liable for Duncan's alleged statements.

Like Duncan's statements, Bradley's comments to Plaintiff were not in furtherance of Perdue's business or reasonably necessary to accomplish the purpose of Bradley's employment. While it is questionable that the complaint even alleges Bradley's statements were made to any third party, regardless, Plaintiff fails to allege, or even argue in briefing, that Bradley's comments were in furtherance of Perdue's business. Therefore, Plaintiff has not stated a plausible claim that Perdue is liable for Bradley's comments.

Finally, as to the unnamed employees who allegedly discussed whether Plaintiff was homosexual when Plaintiff was present, Plaintiff has failed to allege that those comments were in furtherance of any business of Perdue or that the unnamed employees' duties included discussing Plaintiff's alleged sexual orientation.

Because Plaintiff has failed to state a plausible claim that the alleged defamatory statements were made in furtherance of Perdue's business or within the scope of any employee's employment, Plaintiff cannot hold Perdue vicariously liable for the alleged defamation as a matter of law. Perdue's motion to dismiss is due to be granted.

## Conclusion

For the reasons stated above, Defendant Perdue's [ECF No. 10] motion to dismiss is

**GRANTED.** This case is **DISMISSED with prejudice**.

    **IT IS SO ORDERED**.

September 10, 2018                    s/ R. Bryan Harwell
Florence, South Carolina          R. Bryan Harwell
                                      United States District Judge